# UNITED STATES DISTRICT COURT

### for the

### Western District of Wisconsin

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| | ) | |
| Cellular Telephone Assigned Call Number | ) | Case No.    13-mj-704   **SEALED** |
| (608) 547-9661 | ) | |
| | ) | |
| | ) | **SEALED** |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following information requested relating to cellular telephone assigned call number (608) 547-9661 will assist in locating Randy Glenn Paulson.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☐ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC § 2113(a) | bank robbery |

The application is based on these facts: See attached Affidavit.

- ☐ Delayed notice    30    days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth in the attached affidavit.

*Jodi Jewett*
*Applicant's signature*

*Jodi A. Jewett, Special Agent*
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  7-10-13

*Judge's signature*

Madison, Wisconsin

Magistrate Judge Stephen L. Crocker or
Magistrate Judge Peter A. Oppeneer

## AFFIDAVIT

STATE OF WISCONSIN)
                   ) ss.
DANE COUNTY        )

I, Jodi Jewett, being duly sworn, deposes and states:

1.      I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI). I have been employed with the FBI since September 2006. I am currently assigned to the Madison Resident Agency of the Milwaukee Division. As part of my duties, I investigate violations of federal criminal law, including violations of Title 18, United States Code, Section 2113(a), bank robbery.

2.      I submit this affidavit in support of an application for an order pursuant to Federal Rule of Criminal Procedure 41, directing U.S. Cellular to assist agents of the Federal Bureau of Investigation by providing all information, facilities and technical assistance needed to ascertain the physical location of the cellular telephone assigned call number (608) 547-9661, with service provided by US Cellular (the "Target Telephone"), including but not limited to data indicating the specific latitude and longitude of (or other precise location information concerning) the Target Telephone (the "Requested Information"),[1] for a period of thirty (30) days.

---

[1]Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the Target Telephone at the start and end of any call. In requesting cell site information, the Government does not concede that such cell site records – routinely retained by wireless carriers as business records – may only be obtained via a warrant issued on probable cause. See In re Application, 460 F. Supp. 2d 448 (S.D.N.Y. 2006) (authorizing prospective acquisition of cell-site records under combined authority of 18 U.S.C. 2703(d) & 3121 et seq.).

3.      I submit probable cause exists to believe that the Requested Information will lead to the location of Randy Glenn Paulson.  Paulson currently has outstanding a Federal arrest warrant, dated July 4, 2013, for violations of Title 18, U.S.C. § 2113(a), out of the Western District of Wisconsin.

4.      Attached to this affidavit is the affidavit I signed in support of the arrest warrant for Randy Glenn Paulson.  As stated in this affidavit, CI-1 knows Randy Glenn Paulson's telephone number to be (608) 547-9661.

5.      Based on the foregoing, I submit there is probable cause to believe that the Requested Information will lead to Randy Glenn Paulson.  The Requested Information is necessary to determine the approximate location of Paulson so he can be arrested.

6.      It is requested that the Court issue a warrant and Order authorizing the acquisition of the requested information and directing US Cellular, the service provider for the Target Telephone, to initiate a signal to determine the location of the Target Telephone on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed order, and to furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user(s) of the Target Telephone, for a period of thirty (30) days.  Reasonable expenses incurred pursuant to this activity will be processed for payment by the FBI.

2

7.      It is further requested that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Telephone outside of daytime hours.

8.      It is further requested that, pursuant to 18 U.S.C. 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), the Court authorize notice to be delayed for a period of 30 days after the termination of the monitoring period authorized by the warrant.

Dated this _10th_ day of July, 2013.

_Jodi Jewett_
JODI JEWETT, Special Agent
Federal Bureau of Investigation


Signed and subscribed to before me on this _10th_ day of July, 2013.

_Stephen L. Crocker_
STEPHEN L. CROCKER
United States Magistrate Judge
Western District of Wisconsin

3

<u>AFFIDAVIT</u>

State of Wisconsin  )

                   ) ss

County of Dane    )

     I, Jodi A. Jewett, being duly sworn, do hereby depose and say:

<u>BACKGROUND AND EXPERIENCE OF AFFIANT</u>

1.      I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI") and have been so employed since September 2006. I am currently assigned to the Milwaukee Division in Madison, Wisconsin as an agent working violent crimes, to include bank robbery cases.

<u>PURPOSE OF AFFIDAVIT</u>

2.      This affidavit is made in support of an application for a complaint and arrest warrant charging RANDY GLENN PAULSON ("PAULSON") with the robbery of Grand Marsh State Bank, 643 County Road E, Grand Marsh, Wisconsin, on July 3, 2013, in violation of Title 18 U.S.C. § 2113 (a), bank robbery.

<u>INVESTIGATION</u>

3.      I am personally familiar with the facts and circumstances as set forth in this affidavit from my own investigation of the above mentioned robbery, my review of reports prepared by other law enforcement officers who have investigated this robbery, and my discussions with those officers.

4.      On July 3, 2013, I and SA Brown responded to a robbery at Grand Marsh State Bank, 643 County Road E, Grand Marsh, Wisconsin, ("the bank") and conducted the following investigation.

1

a.      Five bank employees and two customers were present at the bank at the time of the robbery.  Two employees were upstairs in the bookkeeping at the time of the robbery while the other three were near the teller counter.  SA Brown and Adams County Investigator Greeno interviewed the three employees that were in the teller area at the time of the robbery and learned the following:

(1)      The robber entered the bank through the back (south) door and stood by a Christmas tree that was near the back wall.  The robber said "this is a robbery" and pointed a weapon at the tellers.  One of tellers, seated at a desk behind the teller counter, pushed the panic button, put her hands up, and walked to teller station #3.  The teller got cash out of the top and bottom drawers as the robber approached the counter.  The robber handed the teller a royal blue duffel bag, in which she placed the money, to include bait bills.

(2)      The robber then turned to teller station #2 as that teller removed money from her drawers and placed it on the counter.  The robber retrieved the money from the counter and also put it into the blue bag.

(3)      At one point during the robbery, the robber also pointed his weapon at an elderly customer's head.  The tellers described the weapon as a black handgun with a longer barrel.

(4)      The robber addressed the elderly customer and her son and stated "I need a car, give me your keys."  The customers did not respond and the robber again stated that he needed a car.  At this point, the teller assigned to teller station #2 retrieved her car keys and attempted to remove her house key.  The robber took the keys, including the house key, and exited through the same door from which he had entered.

2

(5)     The robber was described as a white male, approximately six feet tall and 190 – 200 pounds.  The robber was wearing a blue hooded sweatshirt and blue jeans, with a ski type mask covering the lower half of his face.  The robber was also wearing dark sunglasses.

b.     I and Adams County Investigator Sgt. Morrison interviewed the two bank employees who were upstairs in bookkeeping at the time of the robbery and learned the following:

(1)     The two employees that were upstairs at the time of the robbery heard yelling downstairs.  One of the employees looked down the stairway and saw the robber as he was leaned over teller station #2.  When the two employees realized that a robbery was in progress, one of them called 911 while the other attempted to contact the bank's president.

(2)     The two employees were able to see the robber get into the stolen vehicle and provided the car description and license plate to the 911 operator. The robber was witnessed getting into the vehicle while holding both the blue bag and the weapon.

(3)     The robber departed in the stolen vehicle by driving forward over the grass before heading in a southbound direction.  The vehicle has been fully identified as a 2010 white Kia Optima, bearing Wisconsin License Plates UBV-759.

c.     I interviewed bank President Harvey Wagner ("Wagner"), who told me that the bank was federally insured by the Federal Deposit Insurance Corporation ("FDIC"), and provided a copy of FDIC Certificate Number 15185-8.

3

Wagner also told investigators that the bank sustained a loss of $21,423 in United States Currency, including bait bills.

     5.    On July 3, 2013, Adams County investigators were contacted by a Confidential Informant (CI-1). The CI-1 told investigators that the person responsible for the bank robbery was Randy Paulson of Friendship, Wisconsin. Based upon my conversations with Adams County Investigator Greeno, I learned the following about CI-1:

     a.    CI-1 is believed to be reliable in that she was able to provide several details about the robbery prior to information being released to the media. CI-1 provided this information to law enforcement for fear of public safety as well as CI-1's concerns for the safety of PAULSON.

     b.    CI-1 has had telephonic contact with PAULSON on several occasions, to include sending and receiving text messages. CI-1 knows PAULSON's telephone number to be 608-547-9661.

     c.    CI-1 has known PAULSON for years, including being a past neighbor of his.

     d.    CI-1 advised that PAULSON had contacted her boyfriend on July 3, 2013, at approximately 1:15 PM via cellular telephone. According to CI-1, PAULSON confessed to her boyfriend to robbing the Grand Marsh State Bank and stealing a vehicle in order to pay off a substantial drug debt. PAULSON stated to her boyfriend that that the "Mexican Cartel" wanted a large sum of money for the seized marijuana and had threatened to hurt his family.

     e.    Adams County investigators confirmed that PAULSON was previously arrested in Texas for possession of 150 pounds of Marijuana.

4

f.      Adams County Investigator Greeno also contacted CI-1's boyfriend, who received the telephone call from Paulson. CI-1's boyfriend confirmed that PAULSON confessed to robbing the bank.

6.      Adams County Investigator Greeno reviewed bank surveillance video and determined that the description of PAULSON was consistent with the description of the robber. Justin L. Kunkel (CI-1's boyfriend) was interviewed by Investigator Greeno and provided the following information:

a.      Justin described his relationship with Randy as being a former neighbor and close friend. Justin stated he fishes with Randy often. Justin stated he talks with Randy a couple times a day. Justin stated yesterday, July 3rd, at approximately 1:42 p.m., Randy called his cellular phone. Justin stated he is a truck driver and was just on the out skirts of Chicago when he got the call.

b.      Justin stated that was the call when Randy disclosed his involvement in the bank robbery to him. Justin stated Randy said, "I'm in big trouble and you probably won't ever see me again." Justin stated Randy said "I robbed Grand Marsh State Bank." Justin stated he inquired how he did it. Justin stated Randy told him "at gun point." Justin stated Randy told him he walked there and left in another vehicle. Justin stated he told Randy if he didn't contact him by 9:00 p.m. tonight, he was going to call the "law." Justine stated he asked Randy if he had the gun still. Randy advised that he did not have the gun anymore.

c.      Justin was shown a video of the bank robbery and stated that the bank robber looked similar to Randy.

7.      On July 4, 2013, Adams County Sheriff's Department obtained a pen register court order for PAULSON's phone. On the same date, US Cellular provided information that this phone was currently located in the vicinity of Sioux City, Iowa.

CONCLUSION:

8.     Based upon the aforementioned evidence and my training and experience, I believe that there is probable cause to believe that RANDY GLENN PAULSON violated Title 18 U.S.C. § 2113 (a), bank robbery.


JODI A. JEWETT
Special Agent
Federal Bureau of Investigation


Subscribed and sworn to before me this ___4TH___ day of July, 2013


HONORABLE STEPHEN L. CROCKER
UNITED STATES MAGISTRATE JUDGE

6